# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

DAVID WAYNE YOUNG,

    Movant,

v.                                                Case No. 2:20-cv-00125
                                                Case No. 2:17-cr-00083-2

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, David Wayne Young's (hereinafter "Defendant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 159). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On October 3, 2017, a federal grand jury returned a twelve-count superseding indictment (ECF No. 47) charging Defendant in seven counts with conspiracy to engage in sex trafficking of a minor under the age of 14, in violation of 18 U.S.C. §§ 1591(a) and 1594(c) (Count One)[1]; conspiracy to engage in sex trafficking of a minor between the ages of 14 and 17, in violation of 18 U.S.C. §§ 1591(a) and 1594(c) (Count Two); sex trafficking

---

[1] The United States of America dismissed Count One on January 17, 2018, prior to the execution of Defendant's plea agreement. (ECF No. 102).

of a minor under the age of 14, in violation of 18 U.S.C. § 1591(a) (Count Three); attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count Five); conspiracy to produce child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count Seven); seeking child pornography by notice or advertisement, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (2)(B) and 2251(e) (Count Nine); and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Ten). On January 30, 2018, Defendant pled guilty to Count Three of the superseding indictment (sex trafficking of a minor under the age of 14) pursuant to a written plea agreement. (ECF No. 120). The plea agreement set forth the offense to which defendant was pleading and its penalties, including a term of imprisonment of "at least 15 years up and up to life." (ECF No. 120 at 2). The plea agreement contained the parties' agreement that Defendant's applicable adjusted guideline offense level (prior to acceptance of responsibility) was 47, and a provision waiving Defendant's appellate rights unless his sentence exceeded the statutory maximum or the district court varied upward from the guideline range. (*Id.* at 6-7).

Defendant's sentencing hearing was held on January 31, 2019. The district court varied downward from an advisory guideline sentence of life (based on the offense level of 47 from the plea agreement) to 188 months in prison, followed by a 25-year term of supervised release. (ECF No. 149). Defendant's judgment was entered on March 6, 2019. (*Id.*)

Defendant did not file a timely notice of appeal. However, on October 23, 2019, he filed a motion for leave to file a delayed notice of appeal, asserting that he had instructed his attorney to file a notice of appeal and only later discovered that no such notice was filed. (ECF No. 155). The district court denied Defendant's motion on February 10, 2020. (ECF No. 158).

Defendant timely filed the instant § 2255 motion on February 13, 2020, alleging two claims of ineffective assistance of counsel. (ECF No. 159). He then filed a supporting memorandum on April 20, 2020. (ECF No. 163). Defendant first asserts that he directed his counsel, Timothy J. Lafon ("Lafon"), to file a notice of appeal, but no such notice was filed. He further asserts that Lafon had him sign the plea agreement "under false pretenses," having allegedly told him that he would receive a 97-month sentence because he was a first-time offender. Within the second ground for relief, Defendant also asserts that Lafon did not adequately argue for a downward variance based upon Defendant's lack of criminal history.

The undersigned ordered Lafon to submit an affidavit responding to the allegations made in the § 2255 motion and further ordered the United States of America ("the Government") to respond to the motion. (ECF No. 168). On November 10, 2020, Lafon filed his affidavit asserting that he did not promise to appeal Defendant's sentence and had specifically explained to Defendant that he had waived his appellate rights under the terms of the plea agreement. (ECF No. 171 at 7).

The Government's response to the § 2255 motion notes that, while stating that he did not promise to file a notice of appeal for Defendant, Lafon's affidavit is silent as to whether Defendant asked him to file such a notice. As noted in the Government's response, an attorney's failure to file a notice of appeal upon the unequivocal request of a defendant is *per se* ineffective assistance of counsel. *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007). (ECF No. 181 at 5). The response further states:

> The defendant need not show he would have prevailed on appeal, or even that his appeal would have had merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000). Rather, the defendant need only demonstrate "that, but for counsel's deficient conduct, he would have appealed." *Id*. That same standard applies even where the defendant expressly waived his right to

3

> appeal under the terms of a plea agreement. *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749-50 (2019) ("the presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether a defendant has signed an appeal waiver"); *see also Poindexter*, 492 F.3d at 265 ("[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement."). Accordingly, an attorney must file a notice of appeal when instructed to do so by his criminal client, "even if doing so would be contrary to the plea agreement and harmful to the client's interests." *Poindexter*, 492 F.3d at 273.

(*Id.* at 5-6).

Based upon this clear authority, the Government agrees that in is in the interest of justice to grant Defendant's § 2255 motion for the limited purpose of vacating and reentering his judgment to allow him to file a timely notice of appeal. The Government further asserts that the remainder of Defendant's claims in his § 2255 motion should be dismissed without prejudice as they are premature pending exhaustion of any direct appeal by Defendant. (*Id.* at 6).

On January 25, 2021, Defendant filed a reply brief reiterating his substantive claims of ineffective assistance of counsel and failing to address the Government's concession that he is entitled to limited relief on his § 2255 motion. Rather, he claims that his motion should be granted "in full." (ECF No. 182). This matter is ripe for adjudication.

## ANALYSIS

Consistent with the Supreme Court's precedent in *Flores-Ortega* and *Garza*, and notwithstanding the appellate waiver provision in Defendant's plea agreement or any lack of substantive merit of his potential claims for appellate relief, if Defendant unequivocally requested that Lafon file a notice of appeal, and he failed to do so, it is presumed that Lafon's representation was constitutionally ineffective and Defendant suffered prejudice.

4

Thus, in accordance with the Government's concession that justice requires that Defendant's judgment be vacated and reentered to enable him to pursue a direct appeal, the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to § 2255 relief for that limited purpose. The undersigned further agrees that Defendant's remaining claims for relief set forth in his § 2255 motion are premature pending the resolution of any direct appeal and declines to further address the same.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 159), vacate and reenter Defendant's criminal judgment for the purpose of starting anew the period in which Defendant may file a timely notice of appeal, and appoint new counsel to represent Defendant on appeal. It is further respectfully **RECOMMENDED** that the presiding District Judge dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

<u>April 2, 2021</u>

Dwane L. Tinsley
United States Magistrate Judge