```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DAVID WAYNE YOUNG,**

      Movant,

v.                                    Civil Action No. 2:20-cv-00125
                                    (Criminal No. 2:17-cr-00083-2)

**UNITED STATES OF AMERICA,**

      Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>

This 28 U.S.C. § 2255 action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636.

On October 3, 2017, a federal grand jury returned a superseding indictment, charging the movant with seven counts involving sex trafficking of minors and child pornography.  <u>See</u> ECF No. 47.  On January 30, 2018, the movant pled guilty to Count Three of the superseding indictment (<u>i.e.</u>, sex trafficking of a minor under the age of 14, in violation of 18 U.S.C. § 1591(a)) pursuant to a written plea agreement.  <u>See</u> ECF No. 118; ECF No. 119; EFC No. 120; ECF No. 121.

In the plea agreement, the parties agreed that the

penalty for the offense included a statutory minimum term of fifteen years and a statutory maximum term of life imprisonment, as well as a statutory maximum term of supervised release of life, and that the applicable guideline offense level (prior to an acceptance-of-responsibility adjustment) was 47. See ECF No. 120 at 2, 6. The movant agreed to waive his appellate rights unless the court sentenced him in excess of the statutory maximum penalty or the court varied or departed upward from the total offense level calculated by the court or the guideline range corresponding to that level. See id. at 6.

At sentencing on January 31, 2019,[1] the court varied downward from the advisory guideline range of life, which was based on a Total Offense Level of 43 and a Criminal History category of I, and sentenced the movant to 188 months in prison (which included the 15-year statutory mandatory minimum), followed by a 25-year term of supervised release. See ECF No. 149; ECF No. 151; EFC No. 152. The court entered judgment accordingly on March 6, 2019. See ECF No. 149.

The movant did not file a timely notice of appeal. In October 2019, however, the movant filed a pro se motion seeking an extension of the appeal period in order to file a delayed

---

[1] Sentencing was delayed to this date in order to complete a psychological evaluation requested by the movant.

2

notice of appeal. See ECF No. 155. In the motion, the movant stated that he requested and instructed his counsel, Timothy J. LaFon, to file a notice of appeal on several occasions prior to the entry of judgment and that Mr. LaFon responded that he would do so. See id. The court denied the motion for an extension. See ECF No. 158.

On February 13, 2020, the movant timely filed the instant motion seeking relief pursuant to 28 U.S.C. § 2255. See ECF No. 159. In the motion and a subsequent memorandum, the movant asserts, among other things, that Mr. LaFon rendered ineffective assistance because, although the movant says he directed Mr. LaFon to file a notice of appeal and Mr. LaFon promised that he would do so, Mr. LaFon nonetheless failed to file a notice of appeal on the movant's behalf. See id. at 3-4, 6; ECF No. 163 at 1, 3.

The Magistrate Judge ordered Mr. LaFon to file an affidavit responding to the movant's claims of ineffective assistance. See ECF No. 168. On November 10, 2020, Mr. LaFon submitted his affidavit as directed. See ECF No. 171. The affidavit is devoted mostly to addressing the movant's grounds for relief that do not involve the failure to file a notice of appeal. See id. As to the notice-of-appeal issue, Mr. LaFon states that the movant's "claims [that] he was promised by [Mr.

3

LaFon] that [Mr. LaFon] would appeal [the movant's] sentence and that [Mr. LaFon] failed to do so" are "false[]." Id. ¶ 40. Mr. LaFon explains that, in light of the appellate waiver in the movant's plea agreement, see id. ¶¶ 41-45, "never once did [he] promise to appeal [the movant's] sentence, nor did [he] promise [the movant] he would appeal this case," id. ¶ 44.

Responding to the § 2255 motion, the government noted that, although Mr. LaFon attested that he had not promised the movant that he would file a notice of appeal, he offered no attestations as to whether the movant requested or instructed that he file a notice of appeal. See ECF No. 181 at 4-6. The government further noted that an attorney's failure to timely file a notice of appeal after a criminal defendant unequivocally instructs him to do so is per se ineffective assistance of counsel, regardless of an appeal's prospects for success or of the presence of an appellate waiver. See id. (citing Garza v. Idaho, 139 S. Ct. 738, 749-50 (2019); Roe v. Flores Ortega, 528 U.S. 470, 486 (2000); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007)). Accordingly, the government argued that the court should grant the § 2255 motion for the limited purpose of allowing the movant to file a notice of appeal and deny the balance of the motion as premature. See id. at 4-7.

The Magistrate Judge issued his PF&R on April 2, 2021.

See ECF No. 187. The Magistrate Judge agreed with the government's position, and thus the PF&R finds that, in the interests of justice, the movant is entitled to § 2255 relief for the limited purpose of filing a notice of appeal and recommends that the court grant the § 2255 motion to that limited extent and deny it as premature in all other respects, vacate and reenter the judgment to allow the movant to file a notice of appeal, and dismiss this civil action from the court's docket. See id. at 4-5.

Neither the government nor the movant filed objections to the Magistrate Judge's PF&R. Mr. LaFon, however, filed an objection to the PF&R "to the extent that it finds that [he] was ineffective." ECF No. 188 at 1. Mr. LaFon attaches to his objection a supplemental affidavit, in which he states that the movant "never directed [him] to file a [n]otice of [a]ppeal" and that "there was no unequivocal request of the [movant] to file an appeal made to him." Id. at 3.

Upon an objection,[2] the court reviews a PF&R de novo.

---

[2] It is not clear whether Mr. LaFon, a non-party, may file objections to the PF&R. See Carroll v. Thestreet.com, Inc., No. 11-CV-81173, 2013 WL 9839118, at *1 (S.D. Fla. Oct. 2, 2013) (noting that, although there is "no bright-line rule on whether non-parties are . . . permitted to file objections when their interests are affected," "[i]n general, . . . when a non-party has a concrete interest which may be adversely affected by a magistrate's report or a magistrate's report compels or prevents

Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. § 636(b)(1)).

The court notes that there is no objection to the Magistrate Judge's analysis, his proposed finding that the movant is entitled to § 2255 relief, or his recommendation that, in the interests of justice, the court should grant the § 2255 motion for the limited purposes of vacating and reentering the judgment so that the movant may file a notice of appeal. Rather, Mr. LaFon objects to the extent that the Magistrate Judge proposed a finding that he had rendered ineffective assistance, a finding that the Magistrate Judge did not propose.

To the extent Mr. LaFon, supported by his supplemental affidavit, objects to a finding that the movant requested or instructed that he file a notice of appeal, the court notes that the movant has presented evidence to support such a finding, in the form of his § 2255 motion and memorandum signed under

---

a non-party's participation in discovery, courts consider the non-party's objection to the report."). For purposes of this memorandum opinion and order, the court assumes, without deciding, that Mr. LaFon is permitted to file his objection.

penalty of perjury. See ECF No. 159 at 13; ECF No. 163 at 2. Conflicting sworn statements from a criminal defendant and his attorney as to whether the defendant directed the attorney to file a notice of appeal present a genuine issue of fact as to whether the defendant was accorded effective assistance of counsel, and the court may resolve the issue in an appropriate manner. United States v. Diaz, 547 F. App'x 303, 304-05 (4th Cir. 2013); United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007); United States v. Moore, 204 F. App'x 250, 251-52 (4th Cir. 2006); United States v. Robeson, 165 F. App'x 245, 246-47 (4th Cir. 2006). While the court does not doubt the genuineness of Mr. LaFon's beliefs as expressed in his affidavits and objections, the court concludes that the appropriate resolution is that recommended by the Magistrate Judge.

Accordingly, it is ORDERED that:

1. Mr. LaFon's objection to the PF&R (ECF No. 188) be, and hereby it is, overruled;

2. the Magistrate Judge's PF&R (ECF No. 187) be, and hereby it is, adopted by the court;

3. the movant's § 2255 motion (ECF No. 159) be, and hereby it is, granted for the limited purpose of

vacating the judgment so that it may be reentered and thereby allow the movant to file a notice of appeal;

4. the movant's § 2255 motion be, and hereby it is, denied as premature in all other respects; and

5. this civil action be, and hereby it is, dismissed and stricken from the court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to the pro se plaintiff, all counsel of record, any other unrepresented parties, and the Magistrate Judge.

ENTER: April 29, 2021

John T. Copenhaver, Jr.
Senior United States District Judge